## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEVIN MUIR, On Behalf of Himself and All Others Similarly Situated, | Case No.: |
| Plaintiffs, | |
| v. | **CLASS ACTION** |
| PLAYTEX PRODUCTS, LLC, a Delaware Limited Liability Company, and PLAYTEX PRODUCTS, INC., a Delaware Corporation, | |
| Defendants. | |

Plaintiff Kevin Muir brings this action on behalf of himself and all others similarly situated against Defendant Playtex Products, LLC and Defendant Playtex Products, Inc. (collectively referred to as "Playtex" or "Defendants") and state:

## NATURE OF ACTION

1. Playtex markets, sells and distributes the Diaper Genie line of odor-reducing diaper disposal products commonly referred to as "diaper pails." Through an extensive, widespread, comprehensive and uniform nationwide marketing campaign, Playtex promised that their Diaper Genie II Elite was proven superior in controlling odor when compared to other diaper disposal products. Prominently featured by itself in a gold banner running across the front of the Diaper Genie II Elite packaging, Playtex stated: "Proven #1 in Odor Control*[1]" (the "Proven #1" claim). In truth, the Diaper Genie II Elite product was not proven to be superior to other diaper pails in controlling

---

[1] The asterisk (*) references a disclaimer on the Product's packaging and labeling displayed remotely from the "Proven #1" claim on the back panel in fine print and amid other legal language that reads "proven #1 in odor control when tested against other major competitors that use ordinary garbage bags and/or carbon refills under the most rigorous conditions of emptying the pail."

odor. When subjected to testing by Playtex's competitors the "Proven #1" claim proved to be false, and other diaper pails that also use film bags are demonstrably superior even in tests conducted by Playtex. Playtex's "Proven #1" claim is false, misleading, and reasonably likely to deceive the public.

2.     Playtex employed numerous methods to convey their uniform, deceptive "Proven #1" claim to consumers, including print advertisements, the internet and, importantly, on the front of the Product's packaging and labeling where it could not be missed by consumers. As a result of its "Proven # 1" claim, Defendants were able to and did charge a premium price for their Product over and above what they would have been able to charge in the absence of this false and deceptive claim.

3.     The only reason a consumer would have purchased and paid the premium price for Defendants' Diaper Genie II Elite product instead of less expensive diaper disposal products offered by Playtex's competitors, was to obtain the advertised superior odor control benefits, which the Diaper Genie II Elite did not provide.

4.     As a result of Playtex's deceptive "Proven #1" claim, consumers— including Plaintiff and members of the proposed Class—purchased the Product, which does not perform as advertised.

5.     Plaintiff brings this action on behalf of himself and other similarly situated consumers in Illinois and states with consumer fraud laws similar to that of Illinois under the facts particular to this case. Plaintiff seeks to obtain redress for those who purchased the Diaper Genie II Elite product before Playtex removed the "Proven #1" claim from the Product's label, which they did only after they were sued by a competitor for false advertising in January 2011. Plaintiff alleges violations of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 502/1, et seq. and similar laws in other states.

### JURISDICTION AND VENUE

6.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of

$5,000,000 and is a class action in which there are in excess of 100 class members and many members of the Class are citizens of a state different from Defendants.

7.     This Court has personal jurisdiction over Defendants because Defendants are authorized to do and do business in Illinois.  Defendants have marketed, promoted, distributed, and sold the Diaper Genie II Elite in Illinois and Defendants have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, distribution and marketing within this State to render the exercise of jurisdiction by this Court permissible.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while he resided in this judicial district.  Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

## PARTIES

9.     Plaintiff Kevin Muir resides in McHenry, Illinois.  In or around July 2010, Plaintiff was exposed to and saw Playtex's "Proven #1" claim by reading the Diaper Genie II Elite label at a Target in McHenry, Illinois.  After reading the Product label, including Playtex's "Proven #1" claim, Plaintiff purchased the Diaper Genie II Elite in reliance on the "Proven #1" claim believing that the Diaper Genie II Elite was the superior odor control product on the market.  Although Plaintiff considered purchasing less expensive diaper disposal products available at Target when he was making his purchase decision, he purchased the Diaper Genie II Elite because he believed based on the label representations that it was a superior product.  He paid approximately $35.00 for the Diaper Genie II Elite.   Had Plaintiff known the truth about Playtex's misrepresentations and omissions, he would not have paid for the Diaper Genie II Elite. As a result, Plaintiff suffered injury in fact and lost money.

10.    Defendant Playtex Products, LLC ("Playtex") is a Delaware limited liability corporation headquartered in Connecticut.  From its headquarters in Connecticut,

Playtex promoted, marketed and sold the Diaper Genie II Elite to tens of thousands of consumers throughout the United States, including Illinois.

11. Defendant Playtex Products, Inc. ("Playtex") is a Delaware corporation headquartered in Connecticut. From its headquarters in Connecticut, Playtex Products, Inc. promoted, marketed and sold the Diaper Genie II Elite to tens of thousands of consumers throughout the United States, including Illinois.

12. Plaintiff is informed and believes, and thus alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, representative, partner, joint venturer, and/or alter ego of the other Defendant and, in doing the things alleged herein, was acting within the course and scope of such agency, employment, representation, on behalf of such partnership or joint venture, and/or as such alter ego, with the authority, permission, consent, and/or ratification of the other Defendant.

## FACTUAL ALLEGATIONS

### *The Diaper Genie II Elite*

13. Since the 1990's when Playtex launched the original Diaper Genie they have been the market leader in odor reducing diaper disposal products. Playtex launched the Diaper Genie II in 2006 touting the product as "tested and proven #1 in odor control." In 2008, Playtex launched their new diaper disposal system—the Diaper Genie II Elite with the "Proven #1" claim prominently featured on the packaging and labeling. At or about the time Playtex launched the Diaper Genie II Elite, Playtex removed the "Proven #1" claim from the Diaper Genie II. This lawsuit concerns the Diaper Genie II Elite.

14. The Diaper Genie II Elite is sold online and in a variety of third-party retailers across the country, including: Target, Wal-Mart, and Babies-R-Us. The Diaper Genie II Elite retails for approximately $35.00-$40.00.

15. Since the August/September 2008 introduction of the Diaper Genie II Elite,

until after Playtex was sued for false labeling in January 2011 by Munchkin, Inc.,[2] Playtex consistently conveyed the message to consumers throughout the United States, including Illinois, that the Diaper Genie II Elite was "Proven #1 in Odor Control." It was not. Playtex's "Proven #1" claim is false, misleading and deceptive.

16.    Each and every consumer who purchased the Diaper Genie II Elite was exposed to Playtex's deceptive "Proven #1" claim because it appeared prominently and conspicuously on the front of each box until its removal after January 2011. The front shot of a representative Playtex Diaper Genie II Elite label appears as follows:



***The "Proven #1" Claim is False***

17.    Playtex's "Proven #1" claim is false, misleading, and likely to deceive

---

[2] Munchkin, Inc. ("Munchkin") manufactures and sells the Arm & Hammer Diaper Pail which retails for $7.00-$10.00 less than the Diaper Genie Elite II and, unlike the Diaper Genie II Elite, is proven #1 in odor control.

consumers.    While the studies Playtex purportedly has (2006 and 2008) tested for odor control, for the most part, the studies did not compare the Diaper Genie II Elite to other, similar diaper pails that also use proprietary film bags.  Instead, Playtex compared their Diaper Genie II Elite to diaper pail systems that use ordinary garbage bags or carbon refills.  The only competitive diaper pail Playtex did test that utilizes a proprietary film like the film Playtex utilizes in the Diaper Genie II Elite, the Diaper Dékor, outperformed the Diaper Genie II Elite in all three test stages. And, with one exception, the diaper pail systems Playtex chose for comparison purposes comprise less than 5% of the market. Thus, Playtex did not compare like products or products that consumers deem equivalent alternatives to the Diaper Genie II Elite.

18.    On November 5, 2010, the National Advertising Division of the Better Business Bureau ("NAD") found Playtex's "Proven #1" claim misleading.  According to NAD, the "Proven #1" claim "convey[s] a broad claim of comparative superior product efficacy" and such claims "are held to a very high standard of proof because they are in essence, a promise that there is scientific evidence that proves or 'establishes' the truth of the advertiser's claim," which Playtex does not have.  Accordingly, NAD recommended that Playtex "discontinue its use of the claim 'Proven #1 in Odor Control.'"  Playtex, however, continued to make the "Proven #1" claim on their Diaper Genie II Elite.

19.    When properly tested against their leading competitors' comparable diaper pail products, including those that also use the film bag technology, the Product is not "#1" in odor control.  For example, in 2010, Munchkin retained an independent laboratory to measure the odor released from several diaper pails, including the Diaper Genie II Elite.[3]  The laboratory tests found that Munchkin's Arm & Hammer Diaper Pail controlled odor better than any of the other diaper disposal systems tested, including the

---

[3] The tests examined the following diaper pails: Munchkin Arm & Hammer Diaper Pail, the Diaper Genie Elite II, the Diaper Genie II, Baby Trend Diaper Champ, Dekor Plus, Safety 1st Simple Step, and Safety 1st Easy Saver.

Diaper Genie II Elite. Munchkin, Inc. added the following representation to the Arm & Hammer Diaper Pail: "The NEW #1 in odor control. Proven better at odor control than Diaper Genie II & Diaper Genie II Elite in a laboratory test." Munchkin also sued Playtex for, *inter alia*, false advertising and Playtex filed a false advertising counter claim against Munchkin. *See Munchkin, Inc., v. Playtex Products, LLC*, 2:11-cv-00503-AHM-RZ (C.D. Cal.) ("the Munchkin lawsuit").

20. On July 19, 2012, the jury returned a verdict in the Munchkin lawsuit. The jury found, *inter alia*, that Playtex's "Proven #1 in Odor Control" claim was "literally false," that Playtex "deliberately sought to deceive consumers," and that the "Proven #1" claim "actually deceived" a substantial number of consumers. *See* the Munchkin Lawsuit (Dkt. #8243). In addition, with respect to Playtex's counter claim, the jury found that Playtex failed to prove that Munchkin's statement on its Arm & Hammer Diaper Pail— "The NEW #1 in odor control. Proven better at odor control than Diaper Genie II & Diaper Genie II Elite in a laboratory test"—was "literally false" or that the statement "was likely to mislead, confuse or deceive the consuming public." *Id.* The jury verdict was overturned and a new trial was granted based upon the fact that the trial court found that it had improperly instructed the jury on the issue of injury to Munchkin. Notably, the trial court did not overturn or call into question the jury's verdict regarding the literal falsity of Playtex's representations.

**The Impact of Playtex's Wrongful Conduct**

21. Despite evidence that the Diaper Genie II Elite is not superior to other diaper disposal products in controlling odor, Playtex conveyed through their advertising and labeling one uniform message: the Diaper Genie II Elite is "Proven #1 in Odor Control."

22. As the distributor of the Diaper Genie II Elite, Playtex possesses specialized knowledge regarding the content and effects of their Product and was in a superior position to learn of the effects, and has learned of the effects, which the Diaper

Genie II Elite had on consumers.

23.     Specifically, Playtex knew or should have known, but failed to disclose that the Diaper Genie II Elite was not "Proven #1" at providing odor control.

24.     Plaintiff and Class members were deceived or misled by Playtex's deceptive "Proven #1" claim.  Plaintiff purchased the Diaper Genie II Elite during the Class period and in doing so, read and considered the Diaper Genie II Elite labeling and packaging and based his decision to buy and pay a premium price for the Diaper Genie II Elite on the "Proven #1" claim.  Playtex's "Proven #1" claim was a material factor influencing Plaintiff's decision to purchase the Diaper Genie II Elite because he believed the Diaper Genie II Elite was the superior product for odor control based on the "Proven #1" claim.  Plaintiff would not have purchased the Diaper Genie II Elite had he known that Playtex's "Proven #1" claim was false and misleading.

25.     As a result, Plaintiff and the Class members have been damaged by their purchases of the Diaper Genie II Elite and have been deceived into purchasing a Product that they believed, based on Playtex's representations, was "Proven #1 in Odor Control", when, in fact, it was not.

26.     Playtex has reaped enormous profits from their false marketing and sale of the Diaper Genie II Elite.

## CLASS DEFINITION AND ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendants for violations of Illinois law and similar laws in other states

**Multi-State Class Action**
All consumers who, within the applicable statute of limitations, purchased the Diaper Genie II Elite with the

"Proven #1 in Odor Control" claim on the Product's label in Illinois and states with similar laws.[4]

Excluded from this Class are Playtex and their officers, directors and employees and those who purchased the Diaper Genie II Elite for the purpose of resale.

28.     In the alternative, Plaintiff brings this action on behalf of himself and all other similarly situated Illinois consumers pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

### Illinois-Only Class

All consumers who, within the applicable statute of limitations, purchased the Diaper Genie II Elite with the "Proven #1 in Odor Control" claim on the Product's label in Illinois.

Excluded from this Class are Playtex and their officers, directors and employees and those who purchased the Diaper Genie II Elite for the purpose of resale.

29.     ***Numerosity***.  The members of the Class are so numerous that joinder of all members of the Class is impracticable.   Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Diaper Genie II Elite who have been damaged by Playtex's conduct as alleged herein.   The precise number of Class members is unknown to Plaintiffs.

30.     ***Existence and Predominance of Common Questions of Law and Fact***. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.   These common legal and factual questions include, but are not limited to, the following:

---

[4] While discovery may alter the following, Plaintiff preliminarily avers that the other states with similar consumer fraud laws under the facts of this case include, but are not limited to: Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Idaho, Illinois, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Texas, Virginia, Vermont, Washington, West Virginia, and Wisconsin (collectively, the "Class States").

(a)     whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

(b)     whether Playtex's alleged conduct violates public policy;

(c)     whether the alleged conduct constitutes violations of the laws asserted;

(d)     whether Playtex engaged in false or misleading advertising;

(e)     whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(f)     whether Plaintiff and Class members are entitled to other appropriate remedies.

31.     ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Playtex's deceptive "Proven #1" claim that accompanied each and every Diaper Genie II Elite package and/or label.  Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

32.     ***Adequacy of Representation***.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

33.     ***Superiority***.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Playtex.  It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could

not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

34.     Unless a Class is certified, Playtex will retain monies received as a result of their conduct that were taken from Plaintiff and Class members.

**COUNT I**
**For Violations of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 502/1, et seq.**

35.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

36.     In Illinois, the "Consumer Fraud and Deceptive Business Practices Act" 815 Ill. Comp. Stat. 502/1, et seq. ("the Act"), like the consumer fraud acts of numerous other states across the nation, prohibits deceptive acts and practices in the sale of such products as Defendants' Diaper Genie II Elite.

37.     Plaintiff and the Class were injured by Defendants' deceptive misrepresentations, concealments and omissions and these misrepresentations, concealments and omissions were material and deceived Plaintiff and the Class.

38.     Defendants do business in Illinois, sell and distribute the Diaper Genie II Elite in Illinois, and engaged in deceptive acts and practices in connection with the sale of the Diaper Genie II Elite in Illinois and elsewhere in the United States.

39.     The Diaper Genie II Elite purchased by Plaintiff and the Class were "consumer items" as that term is defined under the Act.

40. Defendants misrepresented and deceptively concealed, suppressed and/or omitted the material information known to Defendants as set forth above concerning the Diaper Genie II Elite, which has caused damage and injury to Plaintiff and the Class.

41. Defendants' deceptive acts occurred in a course of conduct involving trade and commerce in Illinois and throughout the United States.

42. Defendants' deceptive acts proximately caused actual injury and damage to Plaintiff and the Class.

43. Defendants intended Plaintiff and all Class members to rely on their deceptive acts.

44. The conduct of the Defendants constituted a consumer fraud under the Illinois Consumer Fraud Act and similar laws in other states.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A. That the Court enter an order certifying this action as a class action – either as a multi-state class or, in the alternative, as an Illinois class;

B. That the Court enter an Order against Defendants awarding to Plaintiff and the Class compensatory/actual damages and such other monetary relief as the Court deems appropriate;

C. That the Court enter an order granting declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein;

D. Attorneys' fees, expert fees and costs; and

E. Such other and further relief as the Court deems just and proper.

Dated: May 13, 2013                    By:  *s/ Stewart M. Weltman*

**STEWART M. WELTMAN LLC**
Stewart M. Weltman
53 W. Jackson Suite 364
Chicago, IL 60604

Telephone: (312) 588-5033
sweltman@weltmanlawfirm.com
(Of Counsel Levin Fishbein Sedran & Berman)

Of Counsel:

Joseph Siprut
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, IL 60602
Telephone: (312) 236-0000

**BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.**
Elaine A. Ryan
Patricia N. Syverson
Lindsey M. Gomez-Gray
2325 E. Camelback Road, #300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
lgomez-gray@bffb.com
Telephone: (602) 274-1100

**LEVIN FISHBEIN SEDRAN & BERMAN**
Howard J. Sedran
510 Walnut Street
Philadelphia, Pennsylvania 19106
(215) 592-1500
hsedran@lfsblaw.com

Attorneys for Plaintiff