**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN MUIR, On Behalf of Himself and All Others Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLAYTEX PRODUCTS, LLC, a Delaware )<br>Limited Liability Company, and PLAYTEX )<br>PRODUCTS, INC., a Delaware Corporation, )<br>)<br>Defendant. ) | Case No. 13-CV-3570<br><br>Hon. Gary Feinerman<br><br>Magistrate Judge Geraldine Brown |

## AMENDED JOINT INITIAL STATUS REPORT

Plaintiff Kevin Muir ("Plaintiff") and Defendants Playtex Products, LLC, and Playtex Products, Inc. (collectively, "Playtex"), by their undersigned attorneys, submit this First Amended Joint Initial Status Report pursuant to the Court's Standing Order and the Court's Minute Entry entered on October 07, 2013. (Docket No. 30.)

**A. Nature of the Case.**

1. ***Attorneys of record, and lead trial counsel, for each party.*** For Plaintiff and the putative Class: Patricia N. Syverson and Elaine A. Ryan, of Bonnett, Fairbourn, Friedman & Balint, PC; Stewart M. Weltman, of Stewart M. Weltman, LLC; Howard J. Sedran of Levin, Fishbein, Sedran and Berman; and Joseph J. Siprut and Gregg M. Barbakoff, of Siprut PC. For Playtex: Richard J. Doren and Timothy W. Loose of Gibson, Dunn & Crutcher LLP; Jon A. Santangelo of Stinson Morrison Hecker LLP; and Athanasios Papadopoulos of Neal, Gerber & Eisenberg LLP.

2. ***Basis for federal jurisdiction.*** This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because in the aggregate, Plaintiff's claims and the claims of the other

members of the putative Class exceed $5,000,000 exclusive of interest and costs, and there are numerous Class members who are citizens of states other than Playtex.

3. *Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.*

*Plaintiff's Position:* The gist of Plaintiff's and the putative Class's Complaint is that Playtex markets and sells the "Diaper Genie II Elite," a diaper waste disposal product, through the use of deceptive and unfair practices. The Complaint alleges that Playtex expressly claims that the Diaper Genie II Elite is "Proven #1 in Odor Control" (the "Proven #1 Claim"). The Complaint further alleges that this Proven #1 claim is false for a number of reasons: (1) Playtex lacks any scientific evidence that could support the Proven #1 claim; (2) when tested against other competing products, the Diaper Genie II Elite is not, in fact, #1 in odor control; and (3) most importantly, a competing company recently brought and won a false advertising claim in which the jury found that the Proven #1 Claim was literally false and deliberately designed to deceive consumers. Despite knowing that the Diaper Genie II Elite is not superior to other competing products, the Complaint alleges that Playtex continues to use the Proven #1 Claim in its print and online advertisements, as well as the product's packing.

As alleged in the Complaint, Playtex's conduct constitutes a violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 501/2, *et seq.* The Complaint alleges that Playtex intended for Plaintiff and the other members of the putative Class to rely on the Proven #1 Claim. The Complaint further alleges that Plaintiff and the other members of the putative Class were exposed to this allegedly deceptive product, and thus paid a premium price for the Diaper Genie II Elite based on the Proven #1 Claim. In other words, the Complaint alleges that Plaintiff and the other members of the putative Class would not have purchased the Diaper Genie II Elite had they known that the Proven #1 Claim was false.

***Defendants' Position:*** Playtex disputes and denies Plaintiffs' allegations and claims for relief. In particular, Playtex's statement that the Diaper Genie II Elite is "Proven #1 In Odor Control* / *Proven #1 in odor control when tested against other major competitors that use ordinary garbage bags and/or carbon refills under the most rigorous conditions of emptying the pail" is a true statement that is supported by independent testing. Moreover, Plaintiff incorrectly asserts that "a competing company recently brought and won a false advertising claim in which the jury found that the Proven #1 Claim was literally false and deliberately designed to deceive consumers"; Plaintiff is aware that the district court vacated that verdict and subsequently entered a complete judgment in favor of Playtex on the false advertising claims brought by the competitor. Finally, as set forth in detail in Defendants' currently pending motion to dismiss, Plaintiff's complaint fails to set forth a claim for relief because the complaint does not deny that the statement is literally true, and Plaintiff has failed to allege any injury in connection with his purchase of Playtex's market-leading diaper pail.

4. ***Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.*** On July 29, 2013, Playtex filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). (Docket No. 20.) The Motion has been fully briefed and is currently pending. This Court anticipates that it soon will enter an order denying the motion. (Docket No. 30.)

5. ***Principal legal and factual issues.*** The principal factual issues are: (1) whether the Proven # 1 Claim is misleading or objectively reasonably likely to deceive when read in full; (2) if so, whether Playtex intended for Plaintiff and the other members of the putative Class to rely on the Proven #1 Claim; and (3) whether Plaintiff and the other members of the putative Class have sustained monetary losses, and if so, in what amount. The principal legal issues are whether the conduct alleged constitutes a violation of ICFA.

6. ***Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendant.*** Playtex is the only defendant, service of process has been waived upon request of the Plaintiff, and its counsel has appeared.

**B. Proceedings to Date**

1. ***Summary of all substantive rulings (including discovery rulings) to date.*** There have been no substantive rulings to date.

2. ***Description of all pending motions, including date of filing and briefing schedule.*** On July 29, 2013, Playtex filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). (Docket No. 20.) The Motion has been fully briefed and is currently pending. This Court entered a docket entry on October 7, 2013, stating: "The Court anticipates that it soon will enter an order denying the motion to dismiss." (Docket No. 30.)

**C. Discovery and Case Plan**

1. ***Summary of discovery, formal and informal, that has already occurred.*** Pursuant to the Court's Order of August 5, 2013 (Docket No. 25), directing that discovery be held in abeyance pending resolution of Defendant's Motion to Dismiss, the Parties have not conducted any discovery.

2. ***Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.*** The Parties anticipate that discovery will encompass electronically stored information. To ensure that such discovery proceeds appropriately, the Parties intend to meet and confer on an ESI Protocol or Protective Order at the appropriate time.

3. ***Proposed scheduling order.***

a. *Deadline for Rule 26(a)(1) disclosures:* The Parties shall issue their 26(a)(1) disclosures no later than fourteen (14) days after the Court rules on Playtex's Motion to Dismiss.

b. *Deadline for issuing written discovery requests*. Fact discovery shall commence immediately after the Court rules on Playtex's Motion to Dismiss.

c. *Deadline for completing fact discovery*. Fact discovery shall be completed within two hundred seventy (270) days of commencement.

d. *Whether discovery should proceed in phases*. The Parties agree that the discovery should not be phased.

e. *The deadlines for Rule 26(a)(2) disclosures and expert depositions*. Each Party shall disclose the reports of any expert witnesses no later than ten (10) days after the close of fact discovery. Any rebuttal reports shall be due sixty (60) days thereafter. Expert depositions shall be completed no later than forty-five (45) days after the deadline for disclosure of rebuttal reports.

f. *Deadline for amending the pleadings and bringing in other parties*. The Parties shall amend any pleading no later than one hundred twenty (120) days after fact discovery begins, unless the party demonstrates good cause for any subsequent proposed amendment.

g. *Deadline for class certification motion.* Plaintiff shall file any motion for class certification within seventy (70) days of the close of fact discovery. Defendants shall file their opposition to the motion on or before the one hundred thirtieth (130) day after the close of fact discovery. Any reply brief will be filed by Plaintiffs on or before the one hundred sixtieth (160) day after the close of fact discovery.

h.  Following a ruling on Plaintiff's motion for class certification, the Parties will convene with the Court for a status conference to develop a schedule for the balance of the litigation.

4.  ***Whether there has been a jury demand.*** Plaintiff has not demanded a jury trial.

5.  ***Estimated length of trial.*** The Parties cannot offer a meaningful estimate of the probable length of a trial until the scope of this putative class action is determined.

**D. Settlement**

1.  ***Describe settlement discussions to date and whether those discussions remain ongoing.*** The Parties have not conducted settlement discussions and believe that settlement discussions will likely not become productive until the pleadings are resolved.

2.  ***Whether the parties request a settlement conference.*** The Parties do not request a settlement conference at this time.

**E. Magistrate Judge**

1.  ***Whether the parties consent to proceed before a magistrate judge for all purposes.*** The Parties do not consent to proceed before the magistrate judge for all purposes.

2.  ***Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.*** No matters have been referred to the magistrate judge.

Dated: October 25, 2013                                      Respectfully submitted,

| | |
|---|---|
| KEVIN MUIR, On Behalf of Himself and All Others Similarly Situated | PLAYTEX PRODUCTS, LLC, a Delaware Limited Liability Company, and PLAYTEX PRODUCTS, INC., a Delaware Corporation |
| By: /s/ Patricia N. Syverson | By: /s/ Richard M. Doren |

Patricia N. Syverson (admitted *pro hac vice*)
*psyverson@bfbb.com*
Elaine A. Ryan (*pro hac vice* application to be submitted)
*eryan@bfbb.com*
BONNETT, FAIRBORN, FRIEDMAN & BALINT, PC
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
602.274.1100
Fax: 602.274.1199

Stewart M. Weltman
*sweltman@weltmanlawfirm.com*
STEWART M. WELTMAN, LLC
53 W. Jackson Street, Suite 364
Chicago, IL 60604
312.588.5033
(Of Counsel LEVIN FISHBEIN SEDRAN & BERMAN)

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.948.9196

Howard J. Sedran (*pro hac vice* application to be submitted)
hsedran@lfsblaw.com
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Philadelphia, Pennsylvania 19106
215.592.1500
Fax: 215.592.4663

Richard M. Doren (admitted *pro hac vice*)
*rdoren@gibsondunn.com*
Timothy W. Loose (admitted *pro hac vice*)
*tloose@gibsondunn.com*
GIBSON, DUNN, & CRUTCHER LLP
333 S. Grand Avenue
Los Angeles, CA 90071
213.229.7000
Fax.: 213.220.6038

Athanasios Papadopoulos
*tpapadopoulos@ngelaw.com*
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602
312.269.5982
Fax: 312.429.3575

Jon A. Santangelo
jsantangelo@stinson.com
STINSON MORRISON HECKER LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63015
314.259.4525
Fax: 314.259.4460

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Amended Joint Initial Status Report** was filed on October 25, 2013, via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

                 /s/ Joseph J. Siprut

4830-3063-6054, v. 1