**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KEVIN MUIR, On Behalf of Himself and All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**PLAYTEX PRODUCTS, LLC, a Delaware Limited Liability Company, and PLAYTEX PRODUCTS, INC., a Delaware Corporation,**<br><br>**Defendants.** | **Civil Action No. 13-cv-03570**<br><br>**Honorable Gary Feinerman**<br><br><br>**Jury Trial Demanded** |

**DEFENDANTS PLAYTEX PRODUCTS, LLC AND PLAYTEX PRODUCTS, INC.'S**
**ANSWER TO THE COMPLAINT**

Defendants Playtex Products, LLC and Playtex Products, Inc. (collectively, "Playtex")

answer Plaintiff Kevin Muir's Complaint and state additional defenses as follows:

**NATURE OF ACTION**

1.       Playtex markets, sells and distributes the Diaper Genie line of odor-reducing di-

aper disposal products commonly referred to as "diaper pails."  Through an extensive, wide-

spread, comprehensive and uniform nationwide marketing campaign, Playtex promised that their

Diaper Genie II Elite was proven superior in controlling odor when compared to other diaper

disposal products.  Prominently featured by itself in a gold banner running across the front of the

Diaper Genie II Elite packaging, Playtex stated:  "Proven #1 in Odor Control*[1]" (the "Proven

---

[1]  The asterisk (*) references a disclaimer on the Product's packaging and labeling displayed
remotely from the "Proven #1" claim on the back panel in fine print and amid other legal
language that reads "proven #1 in odor control when tested against other major competitors
that use ordinary garbage bags and/or carbon refills under the most rigorous conditions of
emptying the pail."

"#1" claim). In truth, the Diaper Genie II Elite product was not proven to be superior to other diaper pails in controlling odor. When subjected to testing by Playtex's competitors the "Proven #1" claim proved to be false, and other diaper pails that also use film bags are demonstrably superior even in tests conducted by Playtex. Playtex's "Proven #1" claim is false, misleading, and reasonably likely to deceive the public.

**ANSWER:** Playtex admits that it markets, sells, and distributes diaper disposal products commonly referred to as "diaper pails," including the Diaper Genie II Elite (the "Elite"). Playtex also admits that in the past, it advertised the Elite with the following claim that appeared on the front of the product's packaging: "Proven #1 in Odor Control* / *Proven #1 in odor control when tested against other major competitors that use ordinary garbage bags and/or carbon refills under the most rigorous conditions of emptying the pail" (the "Odor Control" claim). Playtex further admits that the "Proven #1 in Odor Control*" text was featured on a gold background on the front of the Elite's packaging. Except as so admitted, Playtex denies the allegations of paragraph 1.

2. Playtex employed numerous methods to convey their uniform, deceptive "Proven #1" claim to consumers, including print advertisements, the internet and, importantly, on the front of the Product's packaging and labeling where it could not be missed by consumers. As a result of its "Proven # 1" claim, Defendants were able to and did charge a premium price for their Product over and above what they would have been able to charge in the absence of this false and deceptive claim.

**ANSWER:** Playtex admits that in the past, it advertised the Elite with the following claim: "Proven #1 in Odor Control* / *Proven #1 in odor control when tested against other major competitors that use ordinary garbage bags and/or carbon refills under the most rigorous conditions of emptying the pail," which appeared on the front of the Elite's packaging, and was displayed in print advertisements and over the internet. Except as so admitted, Playtex denies the allegations of paragraph 2.

3. The only reason a consumer would have purchased and paid the premium price for Defendants' Diaper Genie II Elite product instead of less expensive diaper disposal products offered by Playtex's competitors, was to obtain the advertised superior odor control benefits, which the Diaper Genie II Elite did not provide.

**ANSWER:** Playtex denies the allegations of paragraph 3.

4. As a result of Playtex's deceptive "Proven #1" claim, consumers—including Plaintiff and members of the proposed Class—purchased the Product, which does not perform as advertised.

**ANSWER:** Playtex denies the allegations of paragraph 4.

5. Plaintiff brings this action on behalf of himself and other similarly situated consumers in Illinois and states with consumer fraud laws similar to that of Illinois under the facts particular to this case. Plaintiff seeks to obtain redress for those who purchased the Diaper Genie II Elite product before Playtex removed the "Proven #1" claim from the Product's label, which they did only after they were sued by a competitor for false advertising in January 2011. Plaintiff alleges violations of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 502/1, et seq. and similar laws in other states.

**ANSWER:** This paragraph consists of legal contentions and conclusions, to which no response is required. To the extent a response is required, Playtex denies the allegations of paragraph 5, except Playtex admits that a competitor, Munchkin, Inc. ("Munchkin") filed a lawsuit against Playtex Products LLC in January 2011, which asserted a violation of the Lanham Act (15 U.S.C. § 1125(a)).

### JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and many members of the Class are citizens of a state different from Defendants.

**ANSWER:** This paragraph sets forth legal arguments and conclusions, to which no response is required.

7. This Court has personal jurisdiction over Defendants because Defendants are authorized to do and do business in Illinois. Defendants have marketed, promoted, distributed, and sold the Diaper Genie II Elite in Illinois and Defendants have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, distribution and marketing within this State to render the exercise of jurisdiction by this Court permissible.

**ANSWER:** This paragraph sets forth legal arguments and conclusions, to which no response is required.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while he resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

**ANSWER:** This paragraph sets forth legal arguments and conclusions, to which no response is required.

## PARTIES

9. Plaintiff Kevin Muir resides in McHenry, Illinois. In or around July 2010, Plaintiff was exposed to and saw Playtex's "Proven #1" claim by reading the Diaper Genie II Elite label at a Target in McHenry, Illinois. After reading the Product label, including Playtex's "Proven #1" claim, Plaintiff purchased the Diaper Genie II Elite in reliance on the "Proven #1" claim believing that the Diaper Genie II Elite was the superior odor control product on the market. Although Plaintiff considered purchasing less expensive diaper disposal products available at Target when he was making his purchase decision, he purchased the Diaper Genie II Elite because he believed based on the label representations that it was a superior product. He paid approximately $35.00 for the Diaper Genie II Elite. Had Plaintiff known the truth about Play-

tex's misrepresentations and omissions, he would not have paid for the Diaper Genie II Elite. As a result, Plaintiff suffered injury in fact and lost money.

**ANSWER:** Playtex denies that there were misrepresentations or omissions, and further denies that Plaintiff suffered injury in fact and lost money. Playtex lacks knowledge or information sufficient to form a belief as to the truth of the reminder of the allegations in this paragraph, and on that basis, denies all other allegations of paragraph 9.

10. Defendant Playtex Products, LLC ("Playtex") is a Delaware limited liability corporation headquartered in Connecticut. From its headquarters in Connecticut, Playtex promoted, marketed and sold the Diaper Genie II Elite to tens of thousands of consumers throughout the United States, including Illinois.

**ANSWER:** Playtex admits that Playtex Products, LLC is a Delaware limited liability corporation headquartered in Connecticut. Except as so admitted, Playtex denies the allegations of paragraph 10.

11. Defendant Playtex Products, Inc. ("Playtex") is a Delaware corporation headquartered in Connecticut. From its headquarters in Connecticut, Playtex Products, Inc. promoted, marketed and sold the Diaper Genie II Elite to tens of thousands of consumers throughout the United States, including Illinois.

**ANSWER:** Playtex denies the allegations of paragraph 11.

12. Plaintiff is informed and believes, and thus alleges, that at all times herein mentioned, each of the Defendants was the agent, employee, representative, partner, joint venturer, and/or alter ego of the other Defendant and, in doing the things alleged herein, was acting within the course and scope of such agency, employment, representation, on behalf of such partnership or joint venture, and/or as such alter ego, with the authority, permission, consent, and/or ratification of the other Defendant.

**ANSWER:** This paragraph consists of legal contentions and conclusions, to which no response is required. To the extent the allegations of paragraph 12 are deemed in whole or part to be factual, Playtex denies them.

# FACTUAL ALLEGATIONS

*The Diaper Genie II Elite*

13.    Since the 1990's when Playtex launched the original Diaper Genie they have been the market leader in odor reducing diaper disposal products.  Playtex launched the Diaper Genie II in 2006 touting the product as "tested and proven #1 in odor control."   In 2008, Playtex launched their new diaper disposal system—the Diaper Genie II Elite with the "Proven #1" claim prominently featured on the packaging and labeling.   At or about the time Playtex launched the Diaper Genie II Elite, Playtex removed the "Proven #1" claim from the Diaper Genie II.  This lawsuit concerns the Diaper Genie II Elite.

**ANSWER:**    Playtex admits that it is a market leader in sales of diaper pail systems and has been since the 1990s, that it launched the Diaper Genie II in 2006, and that the product packaging for the Diaper Genie II stated "Proven #1 in Odor Control* / *Under the most rigorous conditions of emptying the Pail," until 2008, when the Diaper Genie II Elite was launched.  Playtex admits that, in the past, the front of the product packaging for the Diaper Genie II Elite stated:  "Proven #1 in Odor Control* / *Proven #1 in odor control when tested against other major competitors that use ordinary garbage bags and/or carbon refills under the most rigorous conditions of emptying the pail."  Playtex admits that Plaintiff does not challenge the advertising of the Diaper Genie II in this lawsuit.  Except as so admitted, Playtex denies the allegations of paragraph 13.

14.    The Diaper Genie II Elite is sold online and in a variety of third-party retailers across the country, including:  Target, Wal-Mart, and Babies-R-Us.  The Diaper Genie II Elite retails for approximately $35.00-$40.00.

**ANSWER:**    Playtex admits that the Diaper Genie II Elite is sold online and in a variety of third-party retailers, including Target, Wal-Mart, and Babies-R-Us.  Except as so admitted, Playtex denies the allegations of paragraph 14.

15.     Since the August/September 2008 introduction of the Diaper Genie II Elite, until after Playtex was sued for false labeling in January 2011 by Munchkin, Inc.,[2] Playtex consistently conveyed the message to consumers throughout the United States, including Illinois, that the Diaper Genie II Elite was "Proven #1 in Odor Control."  It was not.  Playtex's "Proven #1" claim is false, misleading and deceptive.

**ANSWER:**     Playtex admits that Munchkin, Inc. ("Munchkin") manufactures and sells the Arm & Hammer Diaper Pail, and that Munchkin sued Playtex in 2011.  *See Munchkin, Inc., v. Playtex Products, LLC*, 2:11-cv-00503-AHMRZ (C.D. Cal.) ("the Munchkin lawsuit").  Except as so admitted, Playtex denies the allegations of paragraph 15.

16.     Each and every consumer who purchased the Diaper Genie II Elite was exposed to Playtex's deceptive "Proven #1" claim because it appeared prominently and conspicuously on the front of each box until its removal after January 2011.  The front shot of a representative Playtex Diaper Genie II Elite label appears as follows:



**ANSWER:**     Playtex denies the allegations of paragraph 16.  Playtex also denies that the photograph depicted in paragraph 16 is representative of the front of the product packaging.

---

[2]  Munchkin, Inc. ("Munchkin") manufactures and sells the Arm & Hammer Diaper Pail which retails for $7.00-$10.00 less than the Diaper Genie Elite II and, unlike the Diaper Genie II Elite, is proven #1 in odor control.

17.     Playtex's "Proven #1" claim is false, misleading, and likely to deceive consumers. While the studies Playtex purportedly has (2006 and 2008) tested for odor control, for the most part, the studies did not compare the Diaper Genie II Elite to other, similar diaper pails that also use proprietary film bags. Instead, Playtex compared their Diaper Genie II Elite to diaper pail systems that use ordinary garbage bags or carbon refills. The only competitive diaper pail Playtex did test that utilizes a proprietary film like the film Playtex utilizes in the Diaper Genie II Elite, the Diaper Dékor, outperformed the Diaper Genie II Elite in all three test stages. And, with one exception, the diaper pail systems Playtex chose for comparison purposes comprise less than 5% of the market. Thus, Playtex did not compare like products or products that consumers deem equivalent alternatives to the Diaper Genie II Elite.

**ANSWER:**     Playtex denies the allegations of paragraph 17.

18.     On November 5, 2010, the National Advertising Division of the Better Business Bureau ("NAD") found Playtex's "Proven #1" claim misleading. According to NAD, the "Proven #1" claim "convey[s] a broad claim of comparative superior product efficacy" and such claims "are held to a very high standard of proof because they are in essence, a promise that there is scientific evidence that proves or 'establishes' the truth of the advertiser's claim," which Playtex does not have. Accordingly, NAD recommended that Playtex "discontinue its use of the claim 'Proven #1 in Odor Control.'" Playtex, however, continued to make the "Proven #1" claim on their Diaper Genie II Elite.

**ANSWER:**     Playtex admits that the National Advertising Division of the Better Business Bureau issued a report on November 5, 2010. To the extent that this paragraph purports to characterize or quote from a document, that document is in writing and speaks for itself. Except as so admitted, Playtex denies the allegations of paragraph 18.

19.     When properly tested against their leading competitors' comparable diaper pail products, including those that also use the film bag technology, the Product is not "#1" in odor control. For example, in 2010, Munchkin retained an independent laboratory to measure the

odor released from several diaper pails, including the Diaper Genie II Elite.[3]  The laboratory tests found that Munchkin's Arm & Hammer Diaper Pail controlled odor better than any of the other diaper disposal systems tested, including the Diaper Genie II Elite.  Munchkin, Inc. added the following representation to the Arm & Hammer Diaper Pail:  "The NEW #1 in odor control. Proven better at odor control than Diaper Genie II & Diaper Genie II Elite in a laboratory test." Munchkin also sued Playtex for, *inter alia*, false advertising and Playtex filed a false advertising counter claim against Munchkin.  See *Munchkin, Inc., v. Playtex Products*, LLC, 2:11-cv-00503-AHMRZ (C.D. Cal.) ("the Munchkin lawsuit").

**ANSWER:**    Playtex admits that Munchkin conducted its own test to measure the odor released from several diaper pails, including the Elite.  Playtex also admits that Munchkin, Inc. advertised the Arm & Hammer Diaper Pail with the following text:  "The NEW #1 in odor control.  Proven better at odor control than Diaper Genie II & Diaper Genie II Elite in a laboratory test."  Plaintiff further admits that Munchkin sued Playtex, and that Playtex filed a false advertising counter claim against Munchkin.  *See Munchkin, Inc., v. Playtex Products, LLC*, 2:11-cv-00503-AHMRZ (C.D. Cal.) ("the Munchkin lawsuit").  Except as so admitted, Playtex denies the allegations of paragraph 19.

20.    On July 19, 2012, the jury returned a verdict in the Munchkin lawsuit.  The jury found, *inter alia*, that Playtex's "Proven #1 in Odor Control" claim was "literally false," that Playtex "deliberately sought to deceive consumers," and that the "Proven #1" claim "actually deceived" a substantial number of consumers.  *See* the Munchkin Lawsuit (Dkt. #8243).  In addition, with respect to Playtex's counter claim, the jury found that Playtex failed to prove that Munchkin's statement on its Arm & Hammer Diaper Pail—"The NEW #1 in odor control. Proven better at odor control than Diaper Genie II & Diaper Genie II Elite in a laboratory test"—

---

[3]  The tests examined the following diaper pails:  Munchkin Arm & Hammer Diaper Pail, the Diaper Genie Elite II, the Diaper Genie II, Baby Trend Diaper Champ, Dekor Plus, Safety 1st Simple Step, and Safety 1st Easy Saver.

was "literally false" or that the statement "was likely to mislead, confuse or deceive the consuming public." *Id.* The jury verdict was overturned and a new trial was granted based upon the fact that the trial court found that it had improperly instructed the jury on the issue of injury to Munchkin. Notably, the trial court did not overturn or call into question the jury's verdict regarding the literal falsity of Playtex's representations.

**ANSWER:** Playtex admits that a jury returned a verdict in the Munchkin lawsuit and that the district court later entered an order overturning the verdict and ordering a new trial. To the extent this paragraph refers to or characterizes documents, those documents are in writing and speak for themselves. To the extent this paragraph contains legal conclusions, no response is required. Except as admitted or otherwise responded to, Playtex denies the allegations of paragraph 20.

21. Despite evidence that the Diaper Genie II Elite is not superior to other diaper disposal products in controlling odor, Playtex conveyed through their advertising and labeling one uniform message: the Diaper Genie II Elite is "Proven #1 in Odor Control."

**ANSWER:** Playtex denies the allegations of paragraph 21.

22. As the distributor of the Diaper Genie II Elite, Playtex possesses specialized knowledge regarding the content and effects of their Product and was in a superior position to learn of the effects, and has learned of the effects, which the Diaper Genie II Elite had on consumers.

**ANSWER:** Playtex denies the allegations of paragraph 22.

23. Specifically, Playtex knew or should have known, but failed to disclose that the Diaper Genie II Elite was not "Proven #1" at providing odor control.

**ANSWER:** Playtex denies the allegations of paragraph 23.

24. Plaintiff and Class members were deceived or misled by Playtex's deceptive "Proven #1" claim. Plaintiff purchased the Diaper Genie II Elite during the Class period and in doing so, read and considered the Diaper Genie II Elite labeling and packaging and based his decision to buy and pay a premium price for the Diaper Genie II Elite on the "Proven #1" claim.

Playtex's "Proven #1" claim was a material factor influencing Plaintiff's decision to purchase the Diaper Genie II Elite because he believed the Diaper Genie II Elite was the superior product for odor control based on the "Proven #1" claim. Plaintiff would not have purchased the Diaper Genie II Elite had he known that Playtex's "Proven #1" claim was false and misleading.

**ANSWER:** To the extent this paragraph contains legal conclusions, no response is required. To the extent this paragraph contains allegations regarding the thoughts and actions of third parties, Playtex lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies the allegations of paragraph 24.

25. As a result, Plaintiff and the Class members have been damaged by their purchases of the Diaper Genie II Elite and have been deceived into purchasing a Product that they believed, based on Playtex's representations, was "Proven #1 in Odor Control", when, in fact, it was not.

**ANSWER:** Playtex denies the allegations of paragraph 25.

26. Playtex has reaped enormous profits from their false marketing and sale of the Diaper Genie II Elite.

**ANSWER:** Playtex denies the allegations of paragraph 26.

## CLASS DEFINITION AND ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendants for violations of Illinois law and similar laws in other states

> **Multi-State Class Action**
> All consumers who, within the applicable statute of limitations, purchased the Diaper Genie II Elite with the "Proven #1 in Odor Control" claim on the Product's label in Illinois and states with similar laws.[4]

---

[4] While discovery may alter the following, Plaintiff preliminarily avers that the other states with similar consumer fraud laws under the facts of this case include, but are not limited to:

*(Cont'd on next page)*

Excluded from this Class are Playtex and their officers, directors and employees and those who purchased the Diaper Genie II Elite for the purpose of resale.

**ANSWER:**     This paragraph sets forth legal arguments and conclusions, to which no response is required.

28.     In the alternative, Plaintiff brings this action on behalf of himself and all other similarly situated Illinois consumers pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

<u>**Illinois-Only Class**</u>
All consumers who, within the applicable statute of limitations, purchased the Diaper Genie II Elite with the "Proven #1 in Odor Control" claim on the Product's label in Illinois.

Excluded from this Class are Playtex and their officers, directors and employees and those who purchased the Diaper Genie II Elite for the purpose of resale.

**ANSWER:**     This paragraph sets forth legal arguments and conclusions, to which no response is required.

29.     *Numerosity*.  The members of the Class are so numerous that joinder of all members of the Class is impracticable.  Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Diaper Genie II Elite who have been damaged by Playtex's conduct as alleged herein.  The precise number of Class members is unknown to Plaintiffs.

_____

*(Cont'd from previous page)*

Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Idaho, Illinois, Maine, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Texas, Virginia, Vermont, Washington, West Virginia, and Wisconsin (collectively, the "Class States").

**ANSWER:** This paragraph sets forth legal arguments and conclusions, to which no response is required. To the extent the allegations of paragraph 29 are deemed in whole or part to be factual, Playtex denies them.

30. ***Existence and Predominance of Common Questions of Law and Fact***. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

(b) whether Playtex's alleged conduct violates public policy;

(c) whether the alleged conduct constitutes violations of the laws asserted;

(d) whether Playtex engaged in false or misleading advertising;

(e) whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(f) whether Plaintiff and Class members are entitled to other appropriate remedies.

**ANSWER:** This paragraph sets forth legal arguments and conclusions, to which no response is required. To the extent the allegations of paragraph 30 are deemed in whole or part to be factual, Playtex denies them.

31. ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Playtex's deceptive "Proven #1" claim that accompanied each and every Diaper Genie II Elite package and/or label. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

**ANSWER:** This paragraph sets forth legal arguments and conclusions, to which no response is required. To the extent the allegations of paragraph 31 are deemed in whole or part to be factual, Playtex denies them.

32. ***Adequacy of Representation***.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

**ANSWER:**    This paragraph sets forth legal arguments and conclusions, to which no response is required.  To the extent the allegations of paragraph 32 are deemed in whole or part to be factual, Playtex denies them.

33. ***Superiority***.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Playtex.  It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

**ANSWER:**    This paragraph sets forth legal arguments and conclusions, to which no response is required.  To the extent the allegations of paragraph 33 are deemed in whole or part to be factual, Playtex denies them.

34. Unless a Class is certified, Playtex will retain monies received as a result of their conduct that were taken from Plaintiff and Class members.

**ANSWER:**    Playtex denies the allegations of paragraph 34.

## COUNT I
## For Violations of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 502/1, et seq.

35. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Playtex hereby incorporates by reference its responses to paragraphs 1 through 34 of the Complaint as set forth above.

36. In Illinois, the "Consumer Fraud and Deceptive Business Practices Act" 815 Ill. Comp. Stat. 502/1, et seq. ("the Act"), like the consumer fraud acts of numerous other states across the nation, prohibits deceptive acts and practices in the sale of such products as Defendants' Diaper Genie II Elite.

**ANSWER:** This paragraph sets forth legal arguments and conclusions, to which no response is required.

37. Plaintiff and the Class were injured by Defendants' deceptive misrepresentations, concealments and omissions and these misrepresentations, concealments and omissions were material and deceived Plaintiff and the Class.

**ANSWER:** Playtex denies the allegations of paragraph 37.

38. Defendants do business in Illinois, sell and distribute the Diaper Genie II Elite in Illinois, and engaged in deceptive acts and practices in connection with the sale of the Diaper Genie II Elite in Illinois and elsewhere in the United States.

**ANSWER:** Playtex denies the allegations of paragraph 38.

39. The Diaper Genie II Elite purchased by Plaintiff and the Class were "consumer items" as that term is defined under the Act.

**ANSWER:** This paragraph sets forth legal arguments and conclusions, to which no response is required.

40. Defendants misrepresented and deceptively concealed, suppressed and/or omitted the material information known to Defendants as set forth above concerning the Diaper Genie II Elite, which has caused damage and injury to Plaintiff and the Class.

**ANSWER:** Playtex denies the allegations of paragraph 40.

41.     Defendants' deceptive acts occurred in a course of conduct involving trade and commerce in Illinois and throughout the United States.

**ANSWER:**     Playtex denies the allegations of paragraph 41.

42.     Defendants' deceptive acts proximately caused actual injury and damage to Plaintiff and the Class.

**ANSWER:**     Playtex denies the allegations of paragraph 42.

43.     Defendants intended Plaintiff and all Class members to rely on their deceptive acts.

**ANSWER:**     Playtex denies the allegations of paragraph 43.

44.     The conduct of the Defendants constituted a consumer fraud under the Illinois Consumer Fraud Act and similar laws in other states.

**ANSWER:**     Playtex denies the allegations of paragraph 44.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

#### (Failure to State a Claim)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff failed to allege facts sufficient to state a claim for relief against Playtex.

### SECOND SEPARATE DEFENSE

#### (Failure to Allege with Sufficient Particularity)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff failed to allege the claim with sufficient particularity.

### THIRD SEPARATE DEFENSE

#### (Lack of Standing)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff lacks standing to bring the claim asserted in the Complaint under Article III of the United States Constitution and under the Illinois Consumer Fraud and Deceptive Business Practices Act because, among other reasons, Plaintiff suffered no injury-in-fact that is fairly traceable to any act or omission by Playtex.

### FOURTH SEPARATE DEFENSE

#### (Statute of Limitations)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that the cause of action alleged in the Complaint, is barred, in whole or in part, by the applicable statutory limitations periods, including, but not limited to, the limitations periods set forth in 815 ILCS 505/10a(e).

### FIFTH SEPARATE DEFENSE

#### (Laches)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that by reason of his own conduct, acts, and omissions, Plaintiff is barred from recovery by the equitable doctrine of laches.

## SIXTH SEPARATE DEFENSE

### (Equitable Estoppel)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff is estopped from recovery by reason of its own conduct, acts, and omissions.

## SEVENTH SEPARATE DEFENSE

### (No Causation or Reliance)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff cannot establish that he relied on, or that any alleged injury was proximately caused by, any act of Playtex.

## EIGHTH SEPARATE DEFENSE

### (Consent)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that the cause of action in the Complaint is barred because Plaintiff and/or third parties consented to and approved of the acts about which Plaintiff now complains.

## NINTH SEPARATE DEFENSE

### (Unclean Hands)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that by reason of its own conduct, acts, and omissions, Plaintiff is barred from recovery.

## TENTH SEPARATE DEFENSE

### (Waiver)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that by reason of its own conduct, acts, and omissions, Plaintiff is barred from recovery by the equitable doctrine of waiver.

## ELEVENTH SEPARATE DEFENSE

### (Failure to Mitigate Damages)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff failed to mitigate its damages, if any, and that any recovery should be denied or reduced accordingly.

## TWELFTH SEPARATE DEFENSE

### (Conduct Not "Unfair")

Playtex's conduct, as alleged in the Complaint, was not "unfair" within the meaning of 815 ILCS 505/2.

## THIRTEENTH SEPARATE DEFENSE

### (Conduct Not "Deceptive")

Playtex's conduct, as alleged in the Complaint, was not "deceptive" within the meaning of 815 ILCS 505/2.

## FOURTEENTH SEPARATE DEFENSE

### (Conduct Not "Fraudulent")

Playtex's conduct, as alleged in the Complaint, was not fraudulent or likely to mislead the public.

## FIFTEENTH SEPARATE DEFENSE

### (No Injury)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff has not suffered an injury as a result of Playtex's conduct.

## SIXTEENTH SEPARATE DEFENSE

### (No Restitutionary Damages)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff has not suffered any restitutionary damages as a result of Playtex's conduct.

## SEVENTEENTH SEPARATE DEFENSE

### (Commerce Clause)

Plaintiff's claim arises under state law and is therefore barred in whole or in part to the extent that Plaintiff seeks to apply these claims to interstate or foreign commerce, in violation of the Commerce Clause of the United States Constitution.

## EIGHTEENTH SEPARATE DEFENSE

### (Speculative Damages)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that any damages Plaintiff claims to have suffered from the matters alleged in the Complaint are too remote or speculative to allow recovery.

## NINETEENTH SEPARATE DEFENSE

### (No Right to Disgorgement)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that any injuries Plaintiff claims to have suffered are not susceptible to the remedy of disgorgement.

## TWENTIETH SEPARATE DEFENSE

### (No Basis for Injunctive Relief)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that any injuries Plaintiff claims to have suffered are not susceptible to the remedy of injunctive relief.

## TWENTY-FIRST SEPARATE DEFENSE

### (Unjust Enrichment)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff and putative class members are barred by the doctrine of unjust enrichment. Plaintiff and the putative class members would be unjustly enriched if allowed to recover the relief claimed to be due.

## TWENTY-SECOND SEPARATE DEFENSE

### (Legitimate Business Purpose)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges without admitting any liability whatsoever, that at all times Playtex's actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

## TWENTY-THIRD SEPARATE DEFENSE

### (Compliance with Applicable Laws and Regulations)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that it is absolved from any and all liability for the wrongs alleged in the Complaint by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

## TWENTY-FOURTH SEPARATE DEFENSE

### (Benefit of the Bargain)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff and the putative class have enjoyed the full benefit of their purchase of the products that are the subject of the Complaint and are thereby barred from making the claims for relief set forth in the Complaint.

## TWENTY-FIFTH SEPARATE DEFENSE

### (Accord and Satisfaction)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff's claim is barred by the doctrine of accord and satisfaction, payment, release, and/or discharge.

## TWENTY-SIXTH SEPARATE DEFENSE

### (Consent)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that Plaintiff's claim and the claims of the putative class are barred, in whole or in part, because

Plaintiff and the putative class members proceeded with full knowledge and/or awareness into the transactions and occurrences that form the bases of their claims as alleged in the Complaint.

### TWENTY-SEVENTH SEPARATE DEFENSE

### (Due Process—Vagueness)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that any finding of liability under Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 502/1, et seq. would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and the Illinois Constitution because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

### TWENTY-EIGHTH SEPARATE DEFENSE

### (Due Process—Excessive Fine)

Playtex alleges that any award of restitution under Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 502/1, et seq. based upon asserted interests or injuries of persons not named as plaintiffs in this case, or absent persons on whose behalf this action is allegedly prosecuted, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and the Illinois Constitution.

### TWENTY-NINTH SEPARATE DEFENSE

### (Due Process—Taking)

As a complete and affirmative defense to Plaintiff's cause of action, Playtex alleges that any award of restitution under Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 502/1, et seq. would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment of the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution), and the Illinois Constitution.

## THIRTIETH SEPARATE DEFENSE

### (Due Process—Extraterritoriality)

Playtex alleges that application of Illinois law or any other state law to the claims of non-residents under the circumstances of this case would violate the Due Process Clause and the Full Faith and Credit Clause of the United States Constitution and would otherwise be unconstitutional.

## THIRTY-FIRST SEPARATE DEFENSE

### (Due Process—Right to Trial)

Playtex alleges that as a matter of constitutional right and substantive due process, Playtex would be entitled to contest by jury trial its liability for damages to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims. Trying this case as a class action would violate the United States and Illinois Constitutions.

## THIRTY-SECOND SEPARATE DEFENSE

### (Suit May Not Proceed as a Class Action)

Playtex alleges that Plaintiff may not maintain this lawsuit as a class action because his purported claim is not sufficiently typical of those of the purported class, common issues of fact and law do not predominate over individual issues and damages cannot be proven on a class-wide basis, the purported plaintiff class representative will not adequately represent the purported plaintiff class, and a class action is not a superior method for adjudicating the purported claims set forth in Plaintiff's Complaint.

## THIRTY-THIRD SEPARATE DEFENSE

### (Intra-Class Conflicts)

Playtex alleges that Plaintiff may not maintain this lawsuit as a class action because the interests of the purported class members are in conflict with each other.

## THIRTY-FOURTH SEPARATE DEFENSE

### (No Basis for Attorney's Fees)

Playtex alleges Plaintiff's and the putative class members' request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

## THIRTY-FIFTH SEPARATE DEFENSE

### (Due Process—Notification of Absent Putative Class Members)

Playtex alleges that any attempt to require Playtex to identify, locate or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-SIXTH SEPARATE DEFENSE

### (Adequate Remedy at Law)

Playtex alleges Plaintiff's and the putative class members' request for equitable relief in this matter is barred because Plaintiff has an adequate remedy at law.

## THIRTY-SEVENTH SEPARATE DEFENSE

### (Mootness)

Playtex alleges Plaintiff's claims for relief are moot because the packaging for the Diaper Genie II Elite no longer bears the challenged statement.

## THIRTY-EIGHTH SEPARATE DEFENSE

### (Reservation of Right to Allege Additional Defenses)

Playtex incorporates by reference the above paragraphs as though fully set forth herein. Playtex has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available.  Playtex's investigation into the Complaint is ongoing, and Playtex therefore reserve the right to plead any other appropriate separate and additional defenses that discovery or further legal analysis may reveal during the course of this litigation.

## REQUEST FOR JURY TRIAL

Playtex hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

Dated: December 11, 2013          By:          _/s/ Athanasios Papadopoulos_
                                               One of Their Attorneys


Athanasios Papadopoulos (IL Bar No. 6278188)     Richard M. Doren*
NEAL, GERBER & EISENBERG LLP                     Timothy W. Loose*
Two North LaSalle Street                         GIBSON, DUNN & CRUTCHER LLP
Suite 1700                                       333 South Grand Avenue
Chicago, Illinois  60602-3801                    Los Angeles, California  90071
(312) 269-5982                                   (213) 229-7000
tpapadopoulos@neglaw.com

                                                 * Admitted _pro hac vice_

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2013, I electronically filed the foregoing **DEFEN-DANTS PLAYTEX PRODUCTS, LLC AND PLAYTEX PRODUCTS, INC.'S ANSWER TO THE COMPLAINT** with the Clerk of Court using the CM/ECF system, which shall send notification to all parties of record by operation of the Court's electronic filing system.

Dated: December 11, 2013               By:        /s/ Athanasios Papadopoulos

Athanasios Papadopoulos
IL Bar No. 6278188
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, Illinois  60602-3801
(312) 269-5982
tpapadopoulos@ngelaw.com

101548563.1